IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID L. DAVIS                                                    PLAINTIFF

v.                          Civil No. 13-2178

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, David Davis, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.     **Procedural Background:**

The Plaintiff filed his application for SSI on January 4, 2011, alleging an onset date of January 1, 2011, due to ankle, knee, hip, back, and shoulder pain; hand problems; vision issues; hearing problems; heart problems; and, depression. Tr. 32-34, 138-143, 170-172, 174-175, 208-215. His claims were denied both initially and upon reconsideration. Tr. 83-84. An administrative hearing was then held on April 19, 2012. Tr. 25-82. Plaintiff was both present and represented at that hearing.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 51 years old and possessed a limited education. Tr. 17, 165. He had past relevant work ("PRW") as a truck driver. Tr. 157-158, 166, 189-196.

On August 8, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's ankle, knee, hip, back, and shoulder pain; heart problems; and, depression did not meet or equal any Appendix 1 listing. Tr. 14-15. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform light work except

> [h]e can occasionally climb ramps and stairs (but never ladders, ropes or scaffolds) and occasionally balance, kneel and crawl. He can frequently stoop and crouch. He must avoid even moderate exposure to dangerous moving machinery and unprotected heights. He can perform work where social interaction and interpersonal contact are incidental to the work performed. He can perform jobs where the complexity of tasks is learned and performed by rote, few variables and little judgment and the supervision required is simple, direct and concrete.

Tr. 16. The ALJ then concluded that Plaintiff could perform work as an assembler and machine tender.

The Appeals Council denied Plaintiff's request for review on July 15, 2013. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 15, 17.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary."  *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

A.    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    **Discussion:**

Of particular concern to the undersigned is the absence of a physical RFC assessment from a treating source. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore,

4

an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, records reveal that Plaintiff suffered from right hip, ankle, and knee pain resulting from a cannon fire mishap while Plaintiff was in the military. Tr. 35-36. He testified that his ankle was broken and healed incorrectly, causing chronic problems. Tr. 36. This contention is supported by x-rays of his right foot revealing hallux valgus deformity, mild degenerative changes in the first metatarsophalangeal joint, and a well corticated deformity base of the right fifth metatarsal possibly secondary to an old fracture. Tr. 454, 541. X-rays of his hips and right knee also showed mild degenerative changes. Tr. 542, 544. As a result, the Veteran's Administration ("VA") assigned Plaintiff a twenty percent (20%) disability rating for his ankle and a ten percent (10%) disability rating for his right knee. Tr. 504. *See Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998) ( holding findings of disability by other federal agencies, although not binding on ALJ, are entitled to some weight and must be considered in the ALJ's decision).

On October 9, 2009, doctors at the VA Clinic opined that Plaintiff had the following functional limitations:  unable to stand for more than a few minutes, unable to walk for more than a few yards, and unable to stand for prolong periods due to discomfort. Tr. 446-457, 541-544.  They also noted that Plaintiff walked with an antalgic gait and used a cane, preventing him from performing chores, exercising and playing sports. A physical exam revealed callouses on the "entire bottom" of his right foot, decreased flexion in both hips, decreased flexion in both

knees, and a decreased range of motion in both ankles, right greater than left.  Doctors diagnosed Plaintiff with right hip arthritis due to right hip displacement. Tr. 543.

On March 14, 2011, Plaintiffs primary care physician at the VA, Dr. Janet Guyer indicated that Plaintiff had a "disability with pain and limited mobility from ankle/knee injury." She stated that he could not stand or walk for extended periods, and could not walk seven (7) to twenty-five (25) yards at a time.  Tr. 335.

On May 10, 2011, a physical consultative exam was conducted.  Tr. 305-315.  Dr. Honghiran's treatment team noted weakness as expressed by dorsiflexion in his right ankle rated as a grade 3-4, resulting in an "uncoordinated gait" and some possible unreliability of his right leg. *See Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th Cir.2006) (allowing nurse practitioner, who was working as a part of a medical team with a doctor, to be treated as a treating source).  He diagnosed Plaintiff with chronic right ankle, right knee and right hip arthralgias, osteoarthritis, right hip degenerative disease, hypertension, chronic hearing impairment, generalized anxiety disorder, vision impairment of undetermined cause, shortness of breath on exertion, numbness of the ankle, leg and thigh on the right side, a mass on his left thoracic spine, and chronic depression and paranoia.  He also assessed Plaintiff with moderate physical limitations for work, but did not define what is meant by the term moderate.  And, was not asked to complete an RFC assessment.

On May 19, 2011, Dr. Sharon Keith, a non-examining purely consultative doctor assigned the Plaintiff with a light RFC. Tr. 320-327.  Further, she found Plaintiff could occasionally climb, balance, kneel, and crawl, and must avoid even moderate exposure to hazards. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a

6

consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence).

X-rays of Plaintiff's right knee taken in September 2011 confirmed degenerative changes as well as moderate swelling in the knee.  Tr. 537.

After reviewing the evidence of record, it is clear to the undersigned that Plaintiff's impairments result in standing, walking, stooping, and crouching limitations that are not included in the light work assessment assigned by the ALJ.  Although not asked to complete an RFC assessment, Dr. Guyer does indicate that Plaintiff's condition impacts these abilities. Accordingly, we find that remand is necessary to allow the ALJ to obtain an RFC assessment from Dr. Guyer.  *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight).  If said assessment can not be obtained, the ALJ must order a consultative orthopedic examination to include a complete assessment of Plaintiff's ability to lift, carry, sit, stand, walk, crouch, crawl, stoop, balance, and climb.

**V.      Conclusion:**

Accordingly, we find that the ALJ's decision is not supported by substantial evidence and recommend that it be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

AO72A
(Rev. 8/82)

**reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 17th day of April 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

8